# IN THE COURT OF APPEALS OF IOWA

No. 14-1908
Filed December 9, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**FERDOS LATIF AL YASSIRI,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Angeline M. Wilson (bond modification hearing), District Associate Judge, Ian K. Thornhill (bond review hearing), Thomas L. Koehler (guilty plea), and Sean W. McPartland (sentencing hearing), Judges.


Ferdos Latif Al Yassiri appeals her convictions for four counts of identity theft (as a habitual offender) and two counts of forgery.  **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Martha E. Trout, Assistant Attorneys General, for appellee.


Considered by Doyle, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Ferdos Latif Al Yassiri appeals her conviction for four counts of identity theft (as a habitual offender) and two counts of forgery. She claims the district court erred in failing to advise her of the potential immigration consequences of her guilty pleas and her trial counsel was ineffective for failing to alert the court to this issue. We find the record is inadequate to address Al Yassiri's ineffective-assistance-of-counsel-claim and preserve that issue for possible postconviction-relief proceedings. We affirm Al Yassiri's conviction.

On October 1, 2013, the State charged Al Yassiri with identity theft, in violation of Iowa Code section 715A.8(2) and (3) (2013). The State also claimed she was an habitual offender. On March 25, 2014, the State charged Al Yassiri with one count of ongoing criminal conduct, in violation of Iowa Code section 706A.2(4), three counts of identity theft, in violation of section 715A.8(2) and (3), and two counts of forgery, in violation of section 715A.2(1)(a). Pursuant to a plea agreement, Al Yassiri agreed to plead guilty to identify theft as an habitual offender and receive a fifteen-year prison sentence with a three-year mandatory minimum and a suspended fine. She also agreed to plead guilty to the three additional counts of identity theft and two counts of forgery, and receive five-year prison sentences to run concurrently with the other charges, also with suspended fines.

Al Yassiri is an Iraqi immigrant currently in the United States as a lawful permanent resident with a green card. Other than a reference to deportation at a bond hearing, Al Yassiri was not advised at any stage of the proceeding her

convictions may result in deportation or other adverse immigration consequences. *See* Iowa R. Crim. P. 2.8(2)(b)(5). She now appeals claiming her trial counsel was ineffective for failing to advise her of the potential consequences her guilty pleas may have on her immigration status.

We review Al Yassari's claim of ineffective assistance of counsel de novo. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). An ineffective-assistance-of-counsel claim requires a demonstration of both ineffective assistance and prejudice. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The ineffective-assistance prong requires proof the attorney performed below the standard demonstrated by a reasonably competent attorney as compared against prevailing professional norms. *Id.* There is a strong presumption the attorney performed his duties competently. *Id.* Once the applicant has shown ineffective assistance, he must also show the error caused prejudice. *Id.* at 143. The prejudice prong requires proof that, but for the ineffective assistance, "the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694). The applicant must "show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* (citing *Strickland*, 466 U.S. at 693). Al Yassari must prove both the "essential duty" and "prejudice" elements by a preponderance of evidence. *See Ennenga*, 812 N.W.2d at 701.

A defendant may raise an ineffective-assistance claim on direct appeal if there are reasonable grounds to believe the record is adequate to address the claim on direct appeal. Iowa Code § 814.7(2). When an ineffective-assistance-

of-counsel claim is raised on direct appeal, we may decide the record is adequate to decide the claim or we may choose to preserve the claim for postconviction-relief proceedings. *Id.* § 814.7(3). Only in rare cases will the district court record alone be sufficient to resolve the claim on direct appeal. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006); *see also State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997).

An attorney's duty is not merely to refrain from giving affirmative misadvice, but defense counsel must inform a client whether a plea carries a risk of deportation. *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010). "When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* at 369. When deportation consequences are clear, the duty to give correct advice is equally clear. *Id.* In order to prevail on a claim of ineffective assistance, a defendant must show not only that counsel failed to advise him or her of the risk of adverse immigration consequences, but also the defendant must meet the prejudice requirement by showing "a decision to reject the plea bargain would have been rational under the circumstances." *Id.* at 372.

Here, the State admits Al Yassari's trial counsel breached an "essential duty" by failing to inform her of the potential immigration consequences of her plea. *See* Iowa R. Crim. P. 2.8(2)(b)(5); *see also Padilla*, 559 U.S. at 373. However, the State claims Al Yassari was not prejudiced because she cannot

demonstrate, but for her trial counsel's errors, she would not have pleaded guilty and insisted on going to trial.

The record shows the issue of Al Yassiri's potential deportation was mentioned—for the only time—at a bond review hearing. Counsel stated:

> [Al Yassiri] called me and we had a discussion regarding some immigration issues and these pending charges when she was represented by the Public Defender's Office. She called me again after she missed her pretrial, indicating that she was in trouble and wanted to know if I could be involved in this case.
>
> My understanding is that there—there wasn't a lot of communication prior to the pretrial on August 8th. At the very least, I wasn't aware of the June failure to appear until after I got involved.
>
> She was very concerned about deportation. I was able to call Richard Moore at the Cedar Rapids Office of Immigration and Naturalization Service, and he indicated that he was familiar with her case and that she had a removal order from a prior conviction about two or three years ago for similar charges and that a removal order was standing for her, but at this point in time the government is just not sending people back to Iraq for obvious reasons, and she was very scared about taking a plea bargain or going to the plea hearing on August 8th regarding the issue because she didn't know what was going to happen.

Al Yassiri claims the convictions in this case make it more likely she will be deported. The State counters by highlighting the fact Al Yassiri was already subject to deportation due to a past conviction and, therefore, her not being informed of the deportation consequences in this case had no effect on her immigration status. Alternatively, the State claims Al Yassiri cannot show the outcome of this case would have been different if her counsel had informed her of the immigration consequences of her convictions.

We find the record is inadequate to determine the implications Al Yassiri's convictions may have on her immigration status; therefore, we unable to determine if Al Yassiri was prejudiced by counsel's error. *See* Iowa Code

§ 814.7(2); *Straw*, 709 N.W.2d at 133. We affirm Al Yassiri's convictions and preserve this matter for possible postconviction proceedings.

**AFFIRMED.**